*Christian Smalls v. Amazon.com Services, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-two.

Present:
>       DEBRA ANN LIVINGSTON,
>               *Chief Judge*,
>       GUIDO CALABRESI,
>       GERARD E. LYNCH,
>               *Circuit Judges*.

———————————————————

CHRISTIAN SMALLS, on his own behalf and on behalf of a class of similarly situated African American and Latina/o workers,

> *Plaintiff-Appellant*,

v.                                              22-615

AMAZON.COM SERVICES, LLC,

> *Defendant-Appellee*.

———————————————————

| | |
|---|---|
| For Plaintiff-Appellant: | MICHAEL H. SUSSMAN, Sussman & Associates, Goshen, N.Y. |
| For Defendant-Appellee: | JASON C. SCHWARTZ (Lucas C. Townsend, Mylan L. Denerstein, Zainab N. Ahmad & Gabrielle Levin, *on the brief*), Gibson, Dunn & Crutcher LLP, Washington, D.C. & New York, N.Y. |

Appeal from a judgment of the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Christian Smalls ("Smalls") appeals from a judgment of the district court granting a motion to dismiss made by Defendant-Appellee Amazon.com Services, LLC ("Amazon"). In his Amended Complaint ("the complaint"), Smalls brought claims under 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). For the reasons set forth below, we affirm the district court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

"We review *de novo* a dismissal of a complaint for failure to state a claim upon which relief may be granted." *Felder v. United States Tennis Ass'n*, 27 F.4th 834, 841 (2d Cir. 2022) (citation and quotation marks omitted). "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). The pleading standard is well established. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We affirm the district court's judgment for substantially the same reasons stated by the district court in its careful and well-reasoned memorandum dated February 7, 2022. On appeal,

Smalls makes no argument that was not presented to the district court and correctly rejected in its opinion.[1]

*     *     *

We have considered Smalls's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Although the district court did not separately analyze Smalls's claims under the NYCHRL, counsel for Smalls acknowledged at oral argument that he had not made any arguments based on the differences between that statute and its federal and state analogs.